## O'CONNELL v. GEORGE MORRISON CO.

(Supreme Court, Appellate Term.   December 22, 1911.)

1. APPEAL AND ERROR (§ 888*)—AMENDMENTS—CONFORMITY TO PROOF.

   An appellate court has power, in the exercise of a sound discretion, to amend the pleadings to conform to the proof.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3617–3619; Dec. Dig. § 888.*]

2. APPEAL AND ERROR (§ 171*)—ESTOPPEL TO ALLEGE ERROR.

   A party who has met an issue of fact not made by the pleadings and has been defeated thereon cannot on appeal urge that the issue actually litigated was not that defined by the pleadings.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

3. APPEAL AND ERROR (§ 888*)—AMENDMENT—CONFORMITY TO PROOF.

   Where defendant directed his proof to the issues raised by the pleadings and conclusively established his defense thereunder and requested the direction of a verdict, plaintiff cannot, to sustain a judgment for himself, have the pleadings amended on appeal to obviate the defense proved, by setting up another theory.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3617–3619; Dec. Dig. § 888.*]

4. MONEY RECEIVED (§ 18*)—EVIDENCE.

   In an action to recover an amount claimed to have been paid to defendant as security, evidence *held* to show that the money was not so given, but was a part of the purchase price of stock, as claimed by defendant.

   [Ed. Note.—For other cases, see Money Received, Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by William H. O'Connell against the George Morrison Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

A. G. N. Vermilya, for appellant.

House, Grossman & Vorhaus (Charles Goldzier, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J. The plaintiff was a bookkeeper employed by the defendant. He has brought suit, alleging in his complaint a contract by which the plaintiff agreed to purchase from the defendant ten shares of stock of the defendant corporation at $50 a share, amounting to the sum of $500, and the defendant promised and agreed in consideration of such purchase that the plaintiff would be permitted to return said shares of stock to the said corporation *at his option* at any time after the sale thereof, and that the defendant would pay to the plaintiff the said sum of $500 paid by the plaintiff for said shares of stock with interest at the rate of 6 per cent. per annum from the 13th day of May, 1909, to such time as the plaintiff would return the stock to the defendant and receive the sum paid therefor from the defendant. The answer denied all these allegations of the complaint "except that plaintiff purchased certain stock of the defendant company herein and that defendant company received from the plaintiff the sum of $500."

Issue was joined on or about June 14, 1911, and the case was tried on June 29, 1911. Intermediate between these dates the Appellate Division of this department decided, in the case of Richards v. Ernest Wiener Co., 145 App. Div. 353, 129 N. Y. Supp. 951, that, since it was a penal offense for directors to buy stock of a corporation except from surplus, in all contracts for the repurchase of stock sold by the corporation there is an implied condition that the repurchase shall be made from surplus, and the plaintiff must therefore show that the corporation has a surplus sufficient to pay for the stock. Having received this new light on the law, the defendant at the trial amended its answer and set up the illegality of any contract by a corporation to buy back its shares except from surplus. At the trial the defendant showed that it had no surplus. Regardless, then, of the question whether or not the defendant corporation had made a contract to buy back its own shares, such a contract was not enforceable, and the defendant requested the trial justice to so charge the jury. As the issues then stood under the pleadings the request was correct, and its refusal constitutes prejudicial error.

The plaintiff, however, claims that he proved, not a contract to buy the stock with an option to resell to the defendant, but that his proof shows that he was employed by the defendant as a bookkeeper in March, 1909; that the defendant demanded security; and that he gave the defendant $500 as security and received the stock merely as a kind of receipt. He urges that under these circumstances the trial court could have amended the pleadings to show a cause of action to recover a deposit in order to conform the pleadings to the proof, and that upon appeal we have the same power in order to sustain the judgment.

[1, 2] That we have such power to be exercised where a sound discretion dictates its use is not open to question. There are many cases where such power has been exercised where the trial presented simply an issue of fact which the parties have met regardless of the pleadings; in such a case, where a party has without objection met an issue and been defeated upon this issue, he should not upon appeal be

permitted to urge that the issue actually litigated was not the issue defined by the pleadings.

[3] I have, however, found no case where such an amendment has been made by an appellate court after a trial, where the defeated party has directed his proof to the issues actually raised by the pleadings, has under those pleadings conclusively established his defense, and has requested the direction of a verdict upon this defense.

[4] Moreover, the proof produced by the plaintiff that the money which he now seeks to recover was given as a deposit, and not upon a purchase of stock with a right to return the stock at his option, is not of such character as to justify a call upon us to exercise any unusual powers to sustain the judgment. True, he testified that he gave this $500 as security for the honest discharge of his duties as bookkeeper and received the certificate of stock as a receipt upon a promise of defendant to return the money to him with 6 per cent. interest upon his leaving the defendant's employ; but he is contradicted as to this, not only by the defendant's officers, but by his own sworn complaint.

Moreover, to my mind, all the probabilities are against the plaintiff's story. First, we have a motive for a change from the sworn complaint to the testimony adduced at the trial in the decision of the Appellate Division rendered before the trial. Second, the plaintiff was employed about March 1st, and, it was shown, paid this money only in May, and the certificate was issued only in May. Third, the plaintiff was the defendant's bookkeeper, and in May in his own handwriting entered the transaction in the defendant's books in the following form: "W. H. O'Connell, 10 shares of stock at $50, $500"—showing a sale rather than a deposit. Fourth, the stock has a par value of only $250, and could therefore hardly have been regarded as a receipt for a deposit of 500. Fifth, plaintiff at various times borrowed from defendant or its officers small sums of money to be repaid by deductions from his salary, though at these times the accrued interest on his alleged deposit would have been sufficient to pay these loans.

For these reasons I think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.